PROB 12C
(6/16)

Report Date: August 18, 2020

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 18, 2020

SEAN F. McAVOY, CLERK

**Petition for Warrant or Summons for Offender Under Supervision**

| | |
|---|---|
| Name of Offender: Charles Edwards | Case Number: 0980 2:11CR00071-RHW-1 |
| Address of Offender: | Washington 99201 |

Name of Sentencing Judicial Officer:  The Honorable Robert H. Whaley, Senior U.S. District Judge

Date of Original Sentence: October 25, 2012

| | |
|---|---|
| Original Offense: | Conspiracy to Distribute 28 Grams or More of a Mixture or Substance Containing Cocaine Base, 21 U.S.C. § 846 |
| Original Sentence: | Prison - 96 months        Type of Supervision: Supervised Release |
|                    | TSR - 48 months |
| Asst. U.S. Attorney: | Timothy J. Ohms    Date Supervision Commenced: July 12, 2019 |
| Defense Attorney: | Molly Winston    Date Supervision Expires: July 11, 2023 |

### PETITIONING THE COURT

To issue **a warrant** and to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 01/23/2020, 02/19/2020, 03/16/2020, 05/08/2020 and 05/14/2020.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 13 | **Condition as orderd on June 30, 2020**: Defendant must reside in a residential reentry center for a period up to 120 days at the direction of the supervising officer. Your participation in the programs offered by the residential reentry center is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility. |
| | **Supporting Evidence**: It is alleged on July 27, 2020, Charles Edwards absconded from the residential reentry center (RRC). |
| | On June 30, 2020, a supervised release violation hearing was held. The Court ordered at that time that the offender must reside in a residential reentry center for a period up to 120 days at the direction of the supervising officer. The offender's participation in the programs offered by the residential reentry center is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The offender shall abide by the rules and requirements of the facility. |
| | On July 27, 2020, this officer received notification from RRC staff that the offender had absconded from the facility. According to Mr. Edwards' case manager, the offender received a telephone call advising that law enforcement was looking for him. Mr. Edwards informed his case manager he "wasn't staying if the cops were coming." When his case manager |

asked that he stay so they could contact the undersigned officer and inquire why law enforcement was looking for him, Mr. Edwards responded "no, I'm gone," and left the RRC without prior authorization.

| | |
|---|---|
| 14 | **Special Condition #17**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: It is alleged that on July 27, 2020, Charles Edwards consumed marijuana, as evidenced by his own admission.

On July 16, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Edwards, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On July 27, 2020, Charles Edwards was instructed to report to the Union Gospel Mission (UGM) men's shelter, after he had absconded from the RRC. The offender sent this officer a text message later that evening advising he could not stay at UGM because he "still have weed in (him)."

| | |
|---|---|
| 15 | **Special Condition #17**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: It is alleged on August 11, 2020, Charles Edwards failed to report for random urinalysis testing at Pioneer Human Services (PHS) as instructed.

On July 16, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Edwards, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On August 11, 2020, the offender was instructed to report to PHS for random urinalysis testing. He was given until 2 p.m. to submit to testing.

On August 12, 2020, the undersigned officer received notification from PHS that Mr. Edwards failed to submit to urinalysis testing as instructed.

| | |
|---|---|
| 16 | **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

**Supporting Evidence**: On August 11, 2020, the undersigned officer instructed Charles Edwards to submit to random urinalysis testing that same date, however, it is alleged he failed to do so.

On July 16, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Edwards, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On August 11, 2020, this officer spoke with the offender and he was subsequently instructed to report to PHS by 2 p.m. to submit to random urinalysis testing.

Prob12C
Re: Edwards, Charles
August 18, 2020
Page 3

                On August 12, 2020, the undersigned officer received notification from PHS that Mr. Edwards failed to submit to urinalysis testing as instructed.

17        **Standard Condition #3**: The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.

            **Supporting Evidence**: It is alleged, on August 13, 2020, Charles Edwards failed to report to the undersigned officer as instructed.

            On July 16, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Edwards, as outlined in the judgement and sentence. He signed the judgment acknowledging the requirements.

            On August 11, 2020, this officer contacted the offender to discuss his housing options. At the end of that conversation, Mr. Edwards was instructed to report to Pioneer Human Services (PHS) by 2 p.m. for random urinalysis testing. The offender was further instructed to contact the Lincoln House to inquire about their current housing availability, then report back to the undersigned officer by noon on August 13, 2020.

            On the morning of August 13, 2020, the undersigned officer attempted to offer Mr. Edwards a courtesy reminder (via telephone call and text message) of his requirement to check in, but was unsuccessful in contacting the offender and did not receive a response back from him.

18        **Special Condition #17**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

            **Supporting Evidence**: On August 14, 2020, Charles Edwards submitted to random urinalysis testing at PHS. It is alleged that he provided a urine sample that tested presumptive positive for marijuana and cocaine.

            On July 16, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Edwards, as outlined in the judgement and sentence. He signed the judgment acknowledging the requirements.

            On August 14, 2020, the offender was instructed to report to PHS for random urinalysis testing. He subsequently provided a urine sample that tested presumptive positive for marijuana and cocaine, which he later admitted to using. When this officer attempted to gather additional information about the offender's recent drug use, such as when he had used and where he had obtained the cocaine, Mr. Edwards claimed that he "don't know."

The U.S. Probation Office respectfully recommends the Court to **issue a warrant** and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

Prob12C
Re: Edwards, Charles
August 18, 2020
Page 4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    08/18/2020

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Signature of Judicial Officer

8/18/2020
Date